IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 1:17-cr-00089-1 |
| v. : | |
| : | (Judge Kane) |
| MAURICE L. ROSS, : | |
| Defendant : | |

## MEMORANDUM

Before the Court is Petitioner Maurice L. Ross ("Petitioner")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 124.) For the reasons that follow, the Court will deny Petitioner's motion.

**I.   BACKGROUND**

On January 7, 2017, following the execution of a search warrant at his residence, Petitioner was arrested in relation to three robberies of a Harrisburg, Pennsylvania convenience store. (Doc. No. 46 at 1, 7.) On March 29, 2017, a federal grand jury returned a nine-count indictment charging defendant with the following crimes: possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Counts 1, 4, 7); committing a Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts 2, 5, 8); and carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts 3, 6, 9). (Doc. No. 1.) Petitioner entered a plea of not guilty to all charges. (Doc. No. 12.)

On August 18, 2017, Petitioner filed a motion to suppress evidence obtained from the January 7, 2017 search of his residence. (Doc. No. 26.) Petitioner's motion argued, among other things, that the warrant authorizing the search was not supported by probable cause (id. at 5-6), and a suppression hearing was held on October 19, 2017 (Doc. No. 34). The Court denied Petitioner's motion to suppress on June 20, 2018. (Doc. No. 48.)

Trial commenced on November 5, 2018, following several continuances. (Doc. Nos. 21,

23, 25, 50, 54.)  On November 6, 2018, a jury returned a guilty verdict on all counts.  (Doc. Nos. 75, 77.)  The Court subsequently scheduled a sentencing hearing for March 26, 2019 (Doc. No. 79), which was ultimately rescheduled to September 17, 2019 (Doc. Nos. 80, 86, 88, 94, 102). On April 8, 2019, the United States Probation Office ("Probation") prepared and filed a draft presentence report.  (Doc. No. 81.)  Petitioner filed objections to the report on April 24, 2019[1] (Doc. Nos. 90 at 3, 104 at 2), and on June 17, 2019, Probation submitted a final, revised presentence report ("PSR") (Doc. No. 89) with an addendum (Doc. No. 90).  Shortly after Probation filed the final PSR, Petitioner filed a motion for a new trial, arguing that his convictions under Counts 3, 6, and 9 for violating 18 U.S.C. § 924(c)(1)(A) should be vacated because a Hobbs Act robbery is not a crime of violence.  (Doc. No. 92.)  The Court denied Petitioner's motion for a new trial on September 5, 2019.  (Doc. No. 101.)  On September 12, 2019, Petitioner submitted a sentencing memorandum.  (Doc. No. 104.)

      Petitioner's sentencing hearing was held on September 17, 2019.  At the hearing, the Court sentenced Petitioner to a term of nine-hundred and twenty four (924) months, consisting of twenty four (24) months on each of Counts 1, 4, and 7; twenty four (24) months on each of Counts 2, 5, and 8, to be served concurrently; and three-hundred (300) months on each of Counts 3, 6, and 9, to be served consecutively, followed by five (5) years of supervised release.  (Doc. No. 106.)  This five-year term consists of three (3) years for each of Counts 1, 2, 4, 5, 7, and 8, and five (5) years for each of Counts 3, 6, and 9—all to run concurrently.  (Id.)  The Court also ordered Defendant to pay $2,147.00 in restitution and a special assessment of $900.00.  (Id.)

---

[1] Petitioner's sentencing memorandum states that he filed objections on April 12, 2019.  (Doc. No. 104 at 2.)  However, Petitioner's letter with objections, which is attached to a PSR addendum filed by Probation, is dated April 24, 2019.  (Doc. No. 90 at 3.)

On September 25, 2019, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit.  (Doc. No. 108.)  Petitioner's appeal raised four arguments: this Court erred by (1) denying his motion to suppress because "the affidavit of probable cause for the search warrant was deficient"; (2) "refusing to overturn" his Counts 3, 6, and 9 convictions for violating 18 U.S.C. § 924(c)(1)(A) because a Hobbs Act robbery is not a crime of violence; (3) admitting evidence at trial of stolen ticket reports because the evidence constituted inadmissible hearsay; and (4) imposing consecutive, rather than concurrent sentences, for his convictions under 18 U.S.C. § 924(c)(1)(A) because they should have been "merge[d] for sentencing" as convictions based on "an ongoing course of conduct."  See Brief for the Appellant at 2-3, 21, 27, United States v. Ross, 849 F. App'x 343 (3d Cir. 2021) (No. 19-3195), 2020 WL 491122, at *2-3, *21, *27.  The Third Circuit denied Petitioner's appeal and affirmed his judgment.  See Ross, 849 F. App'x at 345-48 (unpublished).

On September 8, 2022, Petitioner filed a motion seeking an extension of time to file a § 2255 motion and requesting that counsel be appointed to represent him in the matter or that he be transferred to another facility.  (Doc. No. 118.)  The Court granted Petitioner's request for an extension of time and ordered that any § 2255 motion be filed by February 16, 2023.  (Doc. No. 123.)  However, the Court denied Petitioner's request to be appointed counsel or transferred to another facility.  (Id.)  Petitioner timely filed the pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on February 14, 2023.[2]  (Doc. No. 124.)  Four days

---

[2] The Mailbox Rule provides that "a jurisdictionally sensitive document is deemed filed on deposit."  See United States v. Fiorelli, 337 F.3d 282, 289 (3d Cir. 2003) (first citing Houston v. Lack, 487 U.S. 266 (1988), and then citing In re Flanagan, 999 F.2d 753, 759 (3d Cir.1993)).  Defendant's motion—which declares under penalty of perjury that his motion was placed in the prison mailing system of February 14, 2023—is deemed to have been filed on February 14, 2023.  (Doc. No. 124 at 12.)

3

later, the Court issued an Administrative Order directing Petitioner to file a Notice of Election indicating whether he wished to proceed on his § 2255 motion as filed. (Doc. No. 125.) Petitioner returned the Notice of Election on April 10, 2023, electing to proceed with his all-inclusive § 2255 motion as filed. (Doc. No. 126.) On April 12, 2023, the Court issued an Order directing service of Petitioner's motion on the Government (Doc. No. 127), and on April 18, 2023, the Government filed a brief in opposition to Petitioner's motion (Doc. No. 129). Petitioner has not filed a reply brief. Accordingly, his motion is ripe for disposition.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). However, § 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, § 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." See Addonizio, 442 U.S. at 185. Moreover, "issues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion" unless they are made in support of an ineffective assistance of counsel claim. See United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014).

## III.   DISCUSSION

### A.    Whether Petitioner is Entitled to Relief Under 28 U.S.C. § 2255

Petitioner § 2255 motion raises four grounds:

| | |
|---|---|
| Ground One: | This Court erred by denying his motion to suppress evidence because the "affidavit of probable cause for the search warrant was deficient"; |
| Ground Two: | This Court erred by "refusing to overturn [his] convictions at Counts 3, 6, and 9 for violations of 18 U.S.C. 924(c)(1)(A)" [3]; |
| Ground Three: | This Court erred by admitting "hearsay evidence at trial regarding the cashing of allegedly stolen lottery tickets"; and |
| Ground Four: | This Court erred at sentencing by failing "to merge Counts 3, 6, 9 because they were part of the same course of conduct and criminal episode." |

(Doc. No. 124 at 4-8.) Petitioner's motion attests, and this Court agrees, that each of these grounds were previously raised on direct appeal. See (id. at 2, 4-9); Brief for the Appellant at 2-3, 21, 27, United States v. Ross, 849 F. App'x 343 (3d Cir. 2021) (No. 19-3195), 2020 WL 491122, at *2-3, *21, *27 (listing Petitioner's arguments on direct appeal as follows: this Court erred by (1) denying his motion to suppress because "the affidavit of probable cause for the search warrant was deficient"; (2) "refusing to overturn" his Counts 3, 6, and 9 convictions for violating 18 U.S.C. § 924(c)(1)(A); (3) admitting evidence at trial of stolen ticket reports because the reports constituted inadmissible hearsay; and (4) imposing consecutive, rather than concurrent sentences, for his convictions under 18 U.S.C. § 924(c)(1)(A) because they should have been "merge[d] for sentencing" as convictions based on "an ongoing course of conduct").

---

[3] The facts in support of Petitioner's Ground Two contention that this Court should have granted him a new trial appear misplaced, as they are used to argue that "the particularity requirement for search warrants in the Fourth Amendment was violated" and "cannot be saved by the good faith exception." (Doc. No. 124 at 4.) Indeed, Petitioner's motion for a new trial did not implicate the Fourth Amendment, and focused instead on whether a Hobbs Act robbery is a "crime of violence" within the meaning of 18 U.S.C. § 924(c). (Doc. No. 92.) At any rate, the Court observes that the Fourth Amendment issue articulated by Petitioner in support of Ground Two was previously litigated on direct appeal. See Brief for the Appellant at 2, United States v. Ross, 849 F. App'x 343 (3d Cir. 2021) (No. 19-3195), 2020 WL 491122, at *2 (arguing that this Court erred in denying his motion to suppress because "the particularity requirement for search warrants in the Fourth Amendment was violated, the Search Warrant in this case is unconstitutional, and it cannot be saved by the good faith exception").

As noted above, "issues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion" unless to support an ineffective assistance of counsel claim—and Petitioner's motion does not raise an ineffectiveness claim. See Travillion, 759 F.3d at 288. Because petitioner's pending motion attempts to relitigate issues have already been resolved on direct appeal, see Ross, 849 F. App'x at 345-48 (unpublished), it will be denied, see, e.g., United States v. Folk, No. 1:11-cr-00292, 2018 WL 927851, at *6 (M.D. Pa. Feb. 16, 2018) (rejecting issues raised in a § 2255 motion because they had "already been decided on direct appeal").

### B.  Evidentiary Hearing

28 U.S.C. § 2255 advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. See Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of V.I. v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). Accordingly, the Court finds no reason to hold an evidentiary hearing in this matter.

### C.  Certificate of Appealability

In proceedings brought under § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Here, the Court concludes that jurists of reason would not find the disposition of this case debatable because the Third Circuit, on direct appeal, has already resolved the issues raised in Petitioner's current motion.  Accordingly, the Court will not issue a COA.  See United States v. Arlt, 567 F.2d 1295, 1297 (5th Cir. 1978) (explaining that the "[a]ppellant is not entitled to two appeals"); Contreras-Buritica v. United States, No. 18-cv-02694, 2018 WL 7142026, at *1 (3d Cir. Dec. 18, 2018) (unpublished) (citing Arlt, 567 F.2d at 1297, for the same proposition and dismissing a § 2255 appeal as duplicative).

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 motion (Doc. No. 124) and will not issue a COA.  An appropriate Order follows.